MURIEL H. CLARK *vs.* HUGH T. CLARK.

Middlesex.   October 9, 1947. — October 31, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Marriage and Divorce*, Custody of child.  *Minor.*

Custody of a boy about three years of age properly was awarded to his
father, libellee against whom was entered a decree nisi of divorce on
the ground of cruel and abusive treatment of the libellant, the boy's
mother, where it appeared that he lived with his father and the father's
married sister, that his environment was good, that the sister took
excellent care of him; that, although there was no finding of any
criminal conduct on the mother's part, she sometimes became under
the influence of intoxicating liquor and had been indiscreet with men;
and that "the child's welfare will be better served if he stays with
the father."

LIBEL for divorce, filed in the Probate Court for the county
of Middlesex on July 22, 1946.

The case was heard by *Poland, J.*

*E. J. Bushell & R. G. Howland,* for the libellant, submitted
a brief.

*J. P. McNamara,* (*E. A. Grant* with him,) for the libellee.

LUMMUS, J.  In this libel for divorce brought by Muriel
H. Clark against her husband Hugh T. Clark, the Probate
Court entered a decree on February 26, 1947, granting the
libellant a decree nisi on the ground of cruel and abusive
treatment, but providing that "said libelee [shall] have the
care and custody of John Hugh Clark, their minor child."
Muriel H. Clark appealed.  The only question argued con-
cerns the right to care and custody of the child, who was
born on May 6, 1944.  The evidence is not reported, but
the judge reported the material facts.

The child lives with his father and a married sister of the
father.  His care and environment are admittedly good, and
the sister takes excellent care of him.  The mother some-
times becomes under the influence of liquor, and has been
indiscreet with men, although there is no finding of any

criminal conduct on her part.  The judge found that "the child's welfare will be better served if he stays with the father."

In *Richards* v. *Forrest*, 278 Mass. 547, 553, Rugg, C.J., said, "It has been said that the first and paramount duty of courts is to consult the welfare of the child," and that that rule applies in "proceedings between disagreeing parents respecting the custody of the child."  That rule has never been challenged since, and still prevails.  In *Erickson* v. *Raspperry*, 320 Mass. 333, 335, it is spoken of as the "most fundamental" principle.  Applying that principle to the facts found by the judge, we find no error in the decree entered by him.

*Decree affirmed.*