HAROLD O. ROYAL *vs.* EDNA E. ROYAL.

Norfolk.    April 8, 1948. — May 3, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Probate Court*, Revocation of decree.

A petition for revocation of a decree of a Probate Court on the ground of newly discovered evidence was dismissed properly where it appeared that, before and at the time of the hearing resulting in the decree sought to be revoked, a witness had been available to give such evidence and the petitioner had known of his availability and of the nature of the evidence.

PETITION, filed in the Probate Court for the county of Norfolk on January 19, 1947.

The case was heard by *Davis*, J.

In this court the case was submitted on briefs.

*A. A. Albert*, for the petitioner.

*J. E. Angoff*, for the respondent.

DOLAN, J.    This is a petition to vacate a decree of the Probate Court entered on December 19, 1946, establishing that the respondent, the wife of the petitioner, had been deserted by him and was living apart for justifiable cause, and ordering certain payments by him for her support. The petition alleges as ground for revocation of the decree that one of the issues raised during the hearing preceding the entry of the decree was the validity of the marriage of the parties, and that since then the petitioner "has become informed of vital material and new evidence which was unavailable to him at the time of the hearing and entry of the decree . . .." After hearing the judge entered a decree dismissing the petition, and the petitioner appealed.

The evidence is reported, and the judge made a report of material facts found by him. The facts so found, as well as others we find ourselves, are that a material issue in the hearing preceding the entry of the decree sought to be vacated was the validity of the marriage of the parties;

that that issue was concerned with the facts that the petitioner had been divorced in Massachusetts by his first wife sometime in 1939, and that shortly after the six months' period elapsed the present parties went to Virginia for the purpose of getting married, were married there, and returned immediately to Massachusetts intending to live here during and beyond the two year period of limitation; and that on or about January 24, 1945, the petitioner deserted the respondent. The alleged newly discovered evidence is in substance that in 1939, after the divorce of the petitioner by his first wife, the petitioner and the respondent consulted an attorney at law, who held conferences, at times with both of the parties and at other times with each separately, concerning their intention to marry, that he advised them in substance that if they went out of the Commonwealth to marry the marriage would not be valid, and that if they came back to Massachusetts after having been so married they might get into difficulty. The judge found that the attorney in question "was available as a witness for summons in the separate support proceedings and that his availability was known to the respondent in that action." The evidence and the findings of the judge make manifest that the conferences with the attorney, in which the petitioner participated, and their subject matter, were in fact known by him long before and at the time of the hearing of the petition of the respondent for separate support, in which the petitioner here also appeared by counsel, testified and was fully heard. On the evidence the finding of the judge that the attorney in question was available as a witness at the hearing of that petition, following which the decree sought to be revoked was entered, cannot be said to have been plainly wrong. It may be added that it was right. The evidence now relied upon by the petitioner was not newly discovered evidence. The petitioner had his day in court and full opportunity to try the issue which was in fact tried and which he now seeks to retry.

There is neither allegation nor evidence of any fraud that would justify a revocation of the decree in question. The present petition was dismissed rightly. *Gale* v. *Nickerson,*

144 Mass. 415, 419. *Zeitlin* v. *Zeitlin,* 202 Mass. 205, 207. *Renwick* v. *Macomber,* 233 Mass. 530. *Hilton* v. *Hopkins,* 275 Mass. 59. *Stephens* v. *Lampron,* 308 Mass. 50.

*Decree affirmed.*