EDNA E. ROYAL *vs.* HAROLD O. ROYAL.

Norfolk.    April 5, 1949. — September 23, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Revocation of decree. *Equity Jurisdiction*, Bill of review. *Judgment. Marriage and Divorce,* Foreign divorce. *Husband and Wife*, Separate support.

A decree of a Probate Court, entered in favor of the petitioner after a hearing on the merits in a proceeding for separate support wherein the respondent set up as a bar a decree of divorce obtained by the petitioner in another State and the petitioner relied on evidence which afforded adequate basis for a finding that such divorce decree was invalid because jurisdictional requirements had not been satisfied as a matter of fact, impliedly determined that the foreign divorce was invalid.

The respondent in a proceeding for separate support, who had not appealed from a decree which, after a hearing, impliedly determined that a foreign divorce granted to the petitioner was invalid, had no standing thereafter to maintain a petition for revocation of the decree on the ground that the divorce was valid.

The mere fact that an interpretation of the law by this court allowing foreign divorces to be attacked here on jurisdictional grounds in certain circumstances, relied on by a Probate Court here in entering a decree determining that a foreign divorce was invalid for lack of jurisdiction, afterwards was held by the Supreme Court of the United States in another proceeding to have been erroneous, was not "new matter arising after the entry of the" Probate Court decree which would have warranted maintenance of a petition, in the nature of a bill of review, to revoke that decree.

PETITION, filed in the Probate Court for the county of Norfolk on March 28, 1946, under G. L. (Ter. Ed.) c. 209, § 32, for separate support.

The respondent filed an answer setting up two defences: (1) that a marriage of the petitioner to the respondent in Virginia was void, and (2) that the petitioner had obtained a decree of divorce from him in Florida on February 21, 1945.

The case was heard by *Davis*, J., and the decree of December 19, 1946, described in the opinion, was entered. The respondent did not appeal from that decree.

A petition of the respondent Harold filed on January 29, 1947, to vacate the decree of December 19, 1946, and thus reopen the question of the validity of the marriage of the parties in Virginia was dismissed and its dismissal was affirmed by the decision of this court reported in 322 Mass. 662.

On May 19, 1948, and on June 28, 1948, respectively, the petitioner Edna filed petitions for an adjudication that the respondent Harold was in contempt and for a modification of the decree of December 19, 1946. The respondent Harold filed a plea in bar to the petition for modification and moved to dismiss both petitions on the ground that the petitioner Edna was barred by the divorce decree in the Florida court. On July 20, 1948, he filed, on the same ground, a petition for revocation of the decree of December 19, 1946. These three petitions were heard together by *Davis*, J. The only evidence introduced at this hearing respecting the Florida divorce proceeding was a transcript of the evidence taken at the original hearing preceding the decree of December 19, 1946, and a certified copy of the proceeding in the Florida court.

The judge of the Probate Court under G. L. (Ter. Ed.) c. 215, § 13, reserved and reported the matters heard by him at the later hearing.

*J. E. Angoff*, (*S. M. Lieberman* with him,) for the petitioner.

*G. L. Rabb*, (*C. P. Huse, Jr.*, & *A. A. Albert* with him,) for the respondent.

LUMMUS, J.   About September 1, 1939, shortly after a divorce obtained in Massachusetts by Anna E. Royal against Harold O. Royal had become absolute on July 28, 1939 (G. L. [Ter. Ed.] c. 208, § 21), and during the period of two years after the decree became absolute during which Harold O. Royal was prohibited from marrying again by G. L. (Ter. Ed.) c. 208, § 24, Harold O. Royal and Edna E. Smith, both residents of Massachusetts, went to Stafford County, Virginia, for the purpose of marrying each other, were married there on September 2, 1939, and immediately returned to Massachusetts, intending to live here as husband and wife during the remainder of said period of two years and afterwards.

By G. L. (Ter. Ed.) c. 207, § 10, "If any person residing and intending to continue to reside in this commonwealth is disabled or prohibited from contracting marriage under the laws of this commonwealth and goes into another jurisdiction and there contracts a marriage prohibited and declared void by the laws of this commonwealth, such marriage shall be null and void for all purposes in this commonwealth with the same effect as though such prohibited marriage had been entered into in this commonwealth."   The marriage is void if either party to it goes into the other jurisdiction for the purpose of contracting a marriage that could not have been entered into here.   *Levanosky* v. *Levanosky*, 311 Mass. 638, 641.   But by G. L. (Ter. Ed.) c. 207, § 6, if "the parties . . . live together thereafter as husband and wife, and such subsequent marriage contract was entered into by one of the parties in good faith, in the full belief . . . that the former marriage had been annulled by a divorce . . ., they shall, after the impediment to their marriage has been removed by the . . . divorce of the other party to the former marriage, if they continue to live together as husband and wife in good faith on the part of one of them, be held to have been legally married from and after the removal of such impediment."   This section applies to a new marriage contracted within the two year period after a former decree absolute for divorce, during which the

libellee named in such decree was prohibited from marrying again.  *Vital* v. *Vital*, 319 Mass. 185, 189.

The question of the validity of the Virginia marriage was raised in the Probate Court for Norfolk County on the petition of Edna E. Royal against Harold O. Royal for separate support, in which a decree was entered in favor of Edna E. Royal on December 19, 1946, from which no appeal was taken.  In entering that decree the Probate Court impliedly found that Edna E. Royal acted in good faith in living with Harold O. Royal as his wife until the two year period during which he was prohibited from marrying again expired on July 28, 1941, and afterwards until sometime in 1944.  The question of the validity of the Virginia marriage was again raised upon a petition filed by Harold O. Royal on January 29, 1947, to vacate the decree of December 19, 1946, which petition was dismissed by the Probate Court. The decision of this court on May 3, 1948, reported in *Royal* v. *Royal*, 322 Mass. 662, affirming the dismissal of that petition, left the decree of December 19, 1946, in full force, and established the fact that Edna E. Royal had become the lawful wife of Harold O. Royal.

The case is now before us on a second petition filed by Harold O. Royal on July 20, 1948, to revoke the same decree of December 19, 1946, and on two petitions filed by Edna E. Royal, one for contempt of that decree and the other to modify it by ordering additional payments.  The petition by Harold O. Royal to vacate the decree of December 19, 1946, was based upon the ground, already raised by him in defence to the petition for separate support upon which the decree of December 19, 1946, was based, that Edna E. Royal obtained a decree of divorce from Harold O. Royal in the Circuit Court of Polk County, Florida, in February, 1945.  After hearing, the Probate Court reserved and reported the three petitions under discussion for the determination of this court, under G. L. (Ter. Ed.) c. 215, § 13. *Dunlop* v. *Claussen*, 313 Mass. 715.

Of course if the Florida divorce was valid, it terminated the marriage, and Harold O. Royal under our law is no

longer liable to a decree for separate support. *Rosa* v. *Rosa,* 296 Mass. 271, 272. *Cohen* v. *Cohen,* 319 Mass. 31, 34. *Shain* v. *Shain, ante,* 603.

The facts respecting the divorce are the following. Edna E. Royal went to Florida, and brought a suit for divorce there, alleging that she had been a bona fide resident of the State of Florida for more than ninety days immediately preceding the filing of the suit for divorce. Harold O. Royal filed an answer, admitting her allegations as to residence in Florida, waiving notice of hearing, and consenting that the suit be heard ex parte. It does not appear that he went to Florida, or was represented by counsel in the Florida court.

The jurisdiction of the courts of a State to grant a divorce depends upon the domicil within that State of at least one of the parties. *Andrews* v. *Andrews,* 176 Mass. 92. *Bowditch* v. *Bowditch,* 314 Mass. 410, 415. *Cohen* v. *Cohen,* 319 Mass. 31, 34. *Heard* v. *Heard,* 323 Mass. 357, 364. *Rubinstein* v. *Rubinstein, ante,* 340. *Williams* v. *North Carolina,* 325 U. S. 226, 229. *Esenwein* v. *Commonwealth,* 325 U. S. 279. Until certain recent cases in the Supreme Court of of the United States, it was held that a party who participated in a divorce suit in another State nevertheless could attack the divorce there obtained on the ground of want of domicil in that State. *Chase* v. *Chase,* 6 Gray, 157, 161. *Andrews* v. *Andrews,* 176 Mass. 92, affirmed 188 U. S. 14. *Coe* v. *Coe,* 316 Mass. 423, 427, 428. *Cohen* v. *Cohen,* 319 Mass. 31, 35. *Coe* v. *Coe,* 320 Mass. 295, 302, 303. *Sherrer* v. *Sherrer,* 320 Mass. 351, 358, 359. The reported evidence affords adequate basis for a finding that Edna E. Royal never acquired a domicil in Florida. She went there about January 1, 1945, and had remained there less than the ninety days required by the Florida statute before she filed her suit for divorce. Immediately after the decree of divorce she returned to Massachusetts. These facts warranted the finding that she was not domiciled in Florida. *Sherrer* v. *Sherrer,* 320 Mass. 351, 358. The decree of separate support of December 19, 1946, impliedly determined that the Florida divorce was invalid, and that

Edna E. Royal remained the wife of Harold O. Royal. From that decree there was no appeal.

The decree determined — whether rightly or wrongly is immaterial (see *Treinies* v. *Sunshine Mining Co.* 308 U. S. 66, footnote 21 on page 77) — that Edna E. Royal had no domicil in Florida, and that the Florida court had no jurisdiction to grant a divorce, even though in truth Harold O. Royal as well as Edna E. Royal had so far participated in the Florida divorce suit that both parties were bound by the divorce decree under the recent cases of *Coe* v. *Coe*, 334 U. S. 378, and *Sherrer* v. *Sherrer*, 334 U. S. 343. As was said in *Rubinstein* v. *Rubinstein, ante,* 340, 342, "no matter what may have been the actual fact as to domicil, appearance and participation of both parties in such circumstances preclude further inquiry elsewhere, at least in a case between them." A party contending that a judgment of another State is conclusive here under the full faith and credit clause of the Federal Constitution must not submit to a contrary decision, but must avail himself of his remedy by appeal. *Treinies* v. *Sunshine Mining Co.* 308 U. S. 66.

Harold O. Royal might have contended, however, that his petition to vacate the decree of December 19, 1946, could be maintained as one analogous to a bill of review. It has been held that a probate decree may be revoked or modified on petition for any reason that would warrant a bill of review in equity (*Waters* v. *Stickney*, 12 Allen, 1; *Gale* v. *Nickerson*, 144 Mass. 415; *Greene* v. *Springfield Safe Deposit & Trust Co.* 295 Mass. 148, 153; *Parsekian* v. *Oynoian*, 299 Mass. 543, 545; *Baird* v. *Baird*, 311 Mass. 329, 333), but not for other reasons. *Stephens* v. *Lampron*, 308 Mass. 50, 53, 54. *Kennedy* v. *Simmons*, 308 Mass. 431, 433. Of the three reasons stated in *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397, the one most nearly applicable is "new matter arising after the entry of the decree." This reason is illustrated in our decisions by *Sawyer* v. *Davis*, 136 Mass. 239, where, after a decree restraining the plaintiffs from ringing a bell on their mill early in the morning, a statute was passed permitting local author-

ities to permit such ringing, and it was held that a bill of review would lie. In the present case there has been no change of law. The Supreme Court of the United States has merely held that all along the law has been different from that which this court and other courts supposed it to be. We do not think that whenever earlier cases are overruled those cases should be revived by bill of review or its equivalent, and the result reversed. That would be productive of much confusion and practical injustice. *Tilghman v. Werk*, 39 Fed. 680, 682. *Scotten v. Littlefield*, 235 U. S. 407. *Miller v. McCutcheon*, 117 N. J. Eq. 123, 129; 95 A. L. R. 702, and note.

By G. L. (Ter. Ed.) c. 209, § 32, a decree for separate support may be revised or altered "as the circumstances of the parents or the benefit of the children may require." *Williamson v. Williamson*, 246 Mass. 270. *Slavinsky v. Slavinsky*, 287 Mass. 28, 32. *Coe v. Coe*, 320 Mass. 295, 305, 306. Of course a petition will lie to punish a party for nonperformance of a decree for separate support. Therefore the petitions filed by Edna E. Royal, one on May 19, 1948, for punishment for contempt, and the other on June 28, 1948, for an increase in the amount to be paid, are to stand for hearing and decision. The petition filed by Harold O. Royal on July 20, 1948, to vacate the decree of December 19, 1946, is dismissed.

*So ordered.*