EDWARD O. WELKER *vs.* CONSTANCE WELKER
(and a companion case between the same parties).

Middlesex. March 6, 1950. — May 4, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Husband and Wife,* Separate support. *Marriage and Divorce,* Jurisdiction,
Foreign divorce. *Jurisdiction,* Divorce proceedings, Custody of child.
*Constitutional Law,* Full faith and credit, Divorce. *Minor. Parent
and Child. Error,* Whether error harmful. *Probate Court,* Appeal.
*Payment.*

A nonresident of this Commonwealth, upon establishing that a divorce
decree entered for his wife in a Florida court was void because of lack
of jurisdiction of that court, was entitled to maintain a petition in a
Probate Court in this Commonwealth under G. L. (Ter. Ed.) c. 209,
§ 32, against his wife, residing here with a man with whom, following
the purported Florida divorce, she had gone through a marriage cere-
mony, and, on the evidence, to a decree adjudging that she had deserted
him and that he was living apart from her for justifiable cause.
The validity of a divorce granted to a woman in Florida might properly
be challenged by the man in Massachusetts on the ground of want of
jurisdiction of the Florida court where, although he had received a
citation by mail in the Florida proceeding, he had not participated
therein; and a refusal by the Massachusetts court to recognize the
Florida divorce upon adjudication of want of jurisdiction to grant it
was not a violation of the full faith and credit clause of the Federal
Constitution.
No reversible error was shown by the admission in evidence, at the hearing
of an issue in a Probate Court in this Commonwealth as to the validity
of a divorce granted by a court in Florida, of a record of a court in
Pennsylvania adjudging, in a proceeding there for a declaratory judg-
ment, that such divorce was invalid, where it appeared that the Probate
Court here, without reference to the Pennsylvania proceeding, reached
the same conclusion upon subsidiary findings requiring it.
A decree of a Probate Court in this Commonwealth, entered on a petition
under G. L. (Ter. Ed.) c. 209, § 37, and granting to a nonresident, as
against his wife who resided here but who had deserted him, custody
of their minor child and the right to remove him from the Common-
wealth, was warranted by findings, amply supported by evidence
reported, showing that such course would best advance the welfare
of the child.
A decree of a Florida court, which was subject under the law of that
State to modification for good cause and which awarded to a mother
custody of her minor child, then present in Florida, was not denied

full faith and credit in violation of the Federal Constitution by a subsequent decree of a Massachusetts Probate Court, entered under G. L. (Ter. Ed.) c. 209, § 37, at a time when the child was present here, changing custody to the child's father for good cause.

A petition for the dismissal of an appeal from a final decree in a Probate Court, which was based on the fact that, on the last day for paying the register of probate the estimated cost of printing and preparing the papers for this court, the appellant gave him a check, and not cash or legal tender of the United States, in the required amount, properly was denied where it appeared that the check was accepted by the register as payment, was indorsed and deposited by him in due course in accordance with the practice in his office, and was duly paid when presented to the drawee bank.

Two PETITIONS, filed in the Probate Court for the county of Middlesex on December 30, 1948.

The respondent appealed from decrees entered after hearing by *Poland*, J.

Petitions to dismiss the appeals were heard by *Leggat*, J.

*C. W. Lavers*, for the respondent.

*A. R. Shrigley*, (*J. W. Eastman* with him,) for the petitioner.

RONAN, J. These are appeals from a decree of the Probate Court, entered upon a petition brought under G. L. (Ter. Ed.) c. 209, § 32, adjudging that the petitioner had been deserted by the respondent, his wife, and that he is living apart from her for justifiable cause, and from a second decree, entered upon a petition brought under G. L. (Ter. Ed.) c. 209, § 37, awarding the custody of Christine Welker, the minor child of the parties born April 18, 1945, to the petitioner, permitting him to remove her to Pennsylvania, and giving the respondent the right to see said child at all reasonable times and places.

The petitioner appealed from the denial of his petitions to dismiss the respondent's appeals. Those petitions were based on the ground that, on the last day for paying the register of probate the estimated cost of printing and preparing the papers for this court, she gave to the register a check, and not cash or legal tender of the United States, in the required amount.

We have a transcript of the evidence and a report of ma-

terial facts made by the judge. These appeals open up all questions of law, fact, and discretion. We now summarize the facts which we find for ourselves, accepting as true the findings of the judge, none of which is shown to be plainly wrong. The petitioner and the respondent were married in Malden in this Commonwealth on February 13, 1943, and lived together in Boston for about six weeks. He was subsequently transferred to various places in this country in the performance of his duties in the service of the navy and she accompanied him until he was ordered to sea duty. She then returned and lived with her mother in Malden until he was discharged from the navy in November, 1945. He then rejoined his wife at Malden and they lived together until December 15, 1945, when they went to the home of his parents in Pennsylvania where they remained until May 28, 1946, when she left him and returned with their child Christine to her mother's home in Malden. Prior to her leaving, he had purchased a house in Pennsylvania, taking title in their names as tenants by the entirety, and both of them had been engaged in furnishing this house. She went to Florida with the child on August 1, 1946, and hired a room which she occupied, except during the trips she made to Malden, until she was granted a divorce. She filed a libel for divorce in Florida on November 12, 1946. A citation was mailed to him but he did not appear nor participate in the divorce proceedings. A few days after the granting of a divorce to her with custody of the child on January 31, 1947, she left Florida for good and returned to her mother's home in Malden, where she resided until August 8, 1947, when she went through a marriage ceremony with one Lavers in New Hampshire, and has since lived with him in Everett in this Commonwealth. The household consists of Lavers, the respondent, a child born of this union, and the minor child, Christine. The petitioner visited the respondent and their child before the marriage ceremony with Lavers and she refused to return to his home in Pennsylvania. He also visited the child while she was living in Everett and has voluntarily contributed to the support of the child.

We now consider the appeal from the first decree.

The statute, G. L. (Ter. Ed.) c. 209, § 32, in so far as material, provides that "if the husband is deserted by the wife, or is actually living apart from his wife for justifiable cause, the probate court may, upon his . . . petition . . . prohibit the . . . wife from imposing any restraint on" his personal liberty during such time as the court may direct, and may make appropriate orders relative to the support of the wife and the care, custody, and maintenance of the children. The respondent contends that the Probate Court had no jurisdiction to entertain the petition. The respondent since her return from Florida about February 1, 1947, has lived with her mother in Malden and then with Lavers in Everett. The Commonwealth has "the right of determining the status or condition of persons found within its jurisdiction." *Woodworth* v. *Spring*, 4 Allen, 321, 323. Both parties were before the court. The petitioner was seeking a determination of his status as a deserted husband and to secure whatever advantages might arise from an adjudication that he was living apart from the respondent for justifiable cause. See *Mosher* v. *Mosher*, 293 Mass. 105, 106. While one of the principal purposes of the statute is to compel a husband to furnish support to his abandoned wife and minor children, it also furnishes a method by which either the husband or the wife may secure an adjudication as to his or her status as an abandoned husband or wife, as the case may be, and so secure freedom from interference with his or her personal liberty by the other, relief from certain restraints arising from the marital relation with reference to selling and devising real estate, and, in the case of the husband, freedom from the claims of creditors for debts incurred by her after the separation. G. L. (Ter. Ed.) c. 209, §§ 35, 36. *Malden Hospital* v. *Murdock*, 218 Mass. 73. *Mackernan* v. *Fox*, 220 Mass. 197. *Fenelon* v. *Fenelon*, 244 Mass. 14. *O'Hara* v. *Donovan*, 303 Mass. 393. *Coughlin* v. *Coughlin*, 312 Mass. 452. The statute is designed not to effect a judicial separation between the parties but to adjust and settle the usual problems that follow in the wake

of a broken home and to enforce the rights of the parties so long as their situation remains unchanged. Other important aims which the statute seeks to accomplish are to aid the minor children placed in an unfortunate situation and to formulate and enforce a fair and equitable solution of the various and conflicting claims to the mutual advantage and benefit of the husband, the wife, and the minor children. Petitions have often been brought by a wife seeking support for herself and minor children against a nonresident husband, where she has had decrees in her favor adjudging her status as an abandoned or deserted wife and has also been granted custody of the children; and she has also secured a decree ordering him to pay certain amounts for her support and that of the children if there has been an attachment of his property or if he has appeared generally in the proceedings or if he has been duly served with notice within the Commonwealth. *Blackinton* v. *Blackinton*, 141 Mass. 432. *Schmidt* v. *Schmidt*, 280 Mass. 216. *Durfee* v. *Durfee*, 293 Mass. 472. See *Stearns* v. *Allen*, 183 Mass. 404; *Cassen* v. *Cassen*, 315 Mass. 35. Compare *Mosher* v. *Mosher*, 293 Mass. 105. In *Gallup* v. *Gallup*, 271 Mass. 252, the nonresident husband's petition to vacate a decree was heard and decided. The terms of the statute are broad and general, and we see nothing in its terms or purpose that precludes the petitioner here, a nonresident husband, from seeking relief against his wife who, since going through a marriage ceremony in 1947 with another man, has since been living with him in a home which he has established and maintained in Everett and where she has seemingly taken up a permanent residence with Christine, the minor child of the petitioner and the respondent. Relief in such a situation must be based upon some statutory ground, *Gediman* v. *Cameron*, 306 Mass. 138, *Finlay* v. *Finlay*, 240 N. Y. 429; but statutes somewhat similar to our own in other jurisdictions have been broadly construed as to non-resident parties coming within their scope, and proceedings under them in some instances have been said to possess some of the elements of a transitory action. *Melvin* v. *Melvin*, 129

Fed. (2d) 39. *Ex parte Hale,* 246 Ala. 40. *Wynne* v. *Wynne,* 20 Cal. App. (2d) 131. *Kiplinger* v. *Kiplinger,* 147 Fla. 243. *George* v. *George,* 20 N. J. Misc. 41.

A petition under G. L. (Ter. Ed.) c. 209, § 32, cannot be maintained unless the marital relation exists between the parties. *Rosa* v. *Rosa,* 296 Mass. 271, 272. *Shain* v. *Shain,* 324 Mass. 603. *Royal* v. *Royal,* 324 Mass. 613, 616–617. The respondent contends that by virtue of the divorce granted to her in Florida she is not the wife of the petitioner. The petitioner challenges the validity of the divorce. He had constructive notice of the divorce proceedings but he did not participate in them, and it is open to him to show that the Florida court lacked jurisdiction because his wife was not domiciled in that State at the time the divorce was granted. After a full and fair trial of that issue the judge found that she had no domicil in Florida, and an examination of the evidence does not show that he was plainly wrong but demonstrates that he was clearly right. If, as properly found, the Florida court had no jurisdiction to grant the divorce, the refusal to recognize it as valid in this Commonwealth does not contravene the full faith and credit clause of the Federal Constitution, art. 4, § 1, and consequently the marital relation still existed between the parties when the instant petition was heard in the Probate Court. *Bowditch* v. *Bowditch,* 314 Mass. 410. *Heard* v. *Heard,* 323 Mass. 357, 361. *Rubinstein* v. *Rubinstein,* 324 Mass. 340. *Shain* v. *Shain,* 324 Mass. 603, 604–605. *Royal* v. *Royal,* 324 Mass. 613, 617–618. *Williams* v. *North Carolina,* 325 U. S. 226. *Esenwein* v. *Commonwealth,* 325 U. S. 279, 281. *Rice* v. *Rice,* 336 U. S. 674.

The judge over the respondent's exception admitted the record of the proceedings of a Pennsylvania court in a declaratory judgment suit, adjudicating the Florida divorce to be void. Service was made upon the respondent by registered mail. It would seem that such service was not sufficient under the Pennsylvania law to give the court jurisdiction. *Melnick* v. *Melnick,* 147 Pa. Super. Ct. 564, 580. The effect of this decree upon the present proceedings was left undecided by the judge as a question of law. If

there was error in admitting this record, which we need not decide, then its admission did not constitute reversible error for it is clear that the finding of the trial judge, that the respondent had no domicil in Florida, was accompanied by various subsidiary findings none of which referred to or included the Pennsylvania decree and all of which not only supported the ultimate finding of lack of domicil but as matter of law required such a finding. *Lang* v. *Giraudo*, 311 Mass. 132, 137–138. *Bendett* v. *Bendett*, 315 Mass. 59, 65–66. *Coburn* v. *Moore*, 320 Mass. 116, 121.

We perceive no error in law in granting the first petition. The judge made no finding on this petition relative to the care and custody of the child but considered that matter upon the second petition, which was brought solely to secure the custody of the child.

The second petition was brought under G. L. (Ter. Ed.) c. 209, § 37, which confers upon a Probate Court for the county in which minor children are residents or inhabitants and whose parents are living apart from each other, although not divorced, upon the petition of either parent, the same power to make decrees as to the care, custody, education, and maintenance of such children, and to revise such decrees from time to time, as the Superior Court possesses relative to children whose parents are divorced. The jurisdiction of the Superior Court in this respect is to be found in G. L. (Ter. Ed.) c. 208, § 28. We need not enumerate the specific powers granted, for it is enough to state for present purposes that the language of both statutes is broad and general and that the Probate Court has jurisdiction to award the custody of a minor child to either parent or to a third person as it deems will be most conducive to the welfare of the child where the child is living within the territorial jurisdiction of the court, even if the child might have the domicil of his or her father at some place outside the Commonwealth. *Schmidt* v. *Schmidt*, 280 Mass. 216, 218. *Bergeron* v. *Bergeron*, 287 Mass. 524, 527, 530. *Conley* v. *Conley*, 324 Mass. 530. See *Stearns* v. *Allen*, 183 Mass. 404; *Cassen* v. *Cassen*, 315 Mass. 35.

The judge found that, while the mere physical environment of the child is good enough, the care which she will receive in her father's home will be equally as good as she now receives; that his income is ample to care for her; that he is better qualified in character and personality to bring up the child than is the man with whom the respondent now lives "apart from the matter of morals"; that the petitioner will be deprived of association with the child if she is permitted to remain in Everett; and that the child's welfare and future happiness will be advanced if she is brought up by her father. There is nothing in the evidence that would lead us to disturb any of these findings. The paramount issue was the welfare of the child. A mother might ordinarily be expected to be better able than her husband to bring up a four year old daughter, but that expectation must yield when in a particular case the facts indicate that the child will be better off with him than with her. *Grandell* v. *Short*, 317 Mass. 605. *Clark* v. *Clark*, 321 Mass. 682. *Hirshson* v. *Gormley*, 323 Mass. 504, 507.

We are not impressed with the respondent's contention that, even if the divorce part of the Florida decree was void, the portion of the decree giving the custody of the child, who was then in Florida, to the mother and ordering the father to pay a certain weekly amount for the care and maintenance of the child was valid. We need not decide whether a divorce decree is entire or divisible — see *Estin* v. *Estin*, 334 U. S. 541, 549; compare *Morgan* v. *Morgan*, 103 Conn. 189; *Vetterlein, petitioner*, 14 R. I. 378 — for in neither event is the respondent entitled to prevail. If it is considered as entire, the whole decree was void for reasons already stated. If we assume, without making any intimation whatever, that the decree may be regarded as divisible, a decree in Florida awarding custody of minor children and ordering allowance for their support, like our own decrees entered for such purposes, is subject to revision as the circumstances of the parents or needs of the children may require. *Meadows* v. *Meadows*, 78 Fla. 576. *Frazier* v. *Frazier*, 109 Fla. 164, 168. *Minick* v. *Minick*, 111 Fla. 469. *Little*

v. *Franklin,* 40 So. (2d) 768 (Sup. Ct. Fla.). A new custody decree here would not fail to give to the Florida decree the same force and effect as that decree had in Florida, assuming again that the custodial portion of that decree was valid, and consequently the making of a new decree here would not contravene the full faith and credit clause. *Halvey* v. *Halvey,* 330 U. S. 610. *Heard* v. *Heard,* 323 Mass. 357, 374.

The judge could permit or prohibit the removal of the child to Pennsylvania, depending again upon what would be for the best interests of the child, and he was not plainly wrong in finding that the child would be better off with her father in Pennsylvania than with her mother in Everett. There was no error in allowing custody to the petitioner with the right to take her to his home. *Marshall* v. *Marshall,* 236 Mass. 248. *Gallup* v. *Gallup,* 271 Mass. 252. *Briggs* v. *Briggs,* 319 Mass. 149.

There is nothing in the petitioner's appeals from decrees dismissing his petitions to dismiss the appeals of the respondent because the estimated cost for the printing of the record was paid by check and not by cash on the last day on which payment could be made. The judge found that the check was delivered to and accepted by the register of probate, was acknowledged by him as payment, was indorsed and deposited by him in due course in accordance with the practice in his office, and was duly paid when presented to the drawee bank. The check was accepted as absolute payment and as the equivalent of money. The payment was seasonably made within the time fixed by the statute, G. L. (Ter. Ed.) c. 231, § 135, as amended by St. 1941, c. 187, § 1. *Dutton* v. *Bennett,* 256 Mass. 397, 402. *Cochrane* v. *Zahos,* 286 Mass. 173, 176.

The decrees from which the respondent appealed are affirmed. Costs and expenses of these appeals may be allowed to the appellee or his counsel in the discretion of the Probate Court. The decrees dismissing the petitions to dismiss the respondent's appeals are affirmed.

*So ordered.*