ELSIE GARFI *vs.* JOSEPH S. GARFI.

Essex. November 27, 1950. — March 5, 1951.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Res Judicata. Husband and Wife*, Separate support, Existence of relation.

In a proceeding in a Probate Court for a binding declaration as to the marital status of the parties, the fact that they were husband and wife was established conclusively by a decree of the court, entered in a previous proceeding between them, that the respondent as husband of the petitioner had deserted her and that she was living apart from him for justifiable cause.

PETITION, filed in the Probate Court for the county of Essex on April 18, 1950.

The case was heard by *Phelan*, J.

In this court the case was submitted on briefs.

*A. H. Salisbury, 2d*, for the respondent.

*C. F. Leary*, for the petitioner.

WILKINS, J. This is a petition for a binding declaration as to the marital status of the parties. From a decree declaring that the parties are husband and wife, the respondent appealed.

The petitioner and the respondent, who were then residents of this Commonwealth, were married at Seabrook, New Hampshire, on November 29, 1944. About two months before, on September 25, 1944, the petitioner had obtained a decree nisi of divorce in the Probate Court for the county of Plymouth from one Lewis Shaw. The petitioner and the respondent lived together as husband and wife in this Commonwealth until December 20, 1949. On that date the respondent went to Las Vegas, Nevada, where, on February 8, 1950, he filed a libel for divorce, alleging a valid marriage in New Hampshire. On March 14, 1950, he obtained a decree of divorce and almost immediately returned to this Commonwealth. In the meantime, on December 29, 1949, the petitioner had filed a petition in the Probate Court for the county of Essex alleging desertion and living apart, on which on February 10, 1950, a decree had been entered reading: "On the petition of Elsie Louise Garfi of Salisbury in said County, the wife of Joseph S. Garfi of said Salisbury, praying that said Court will enter a decree establishing the fact that her said husband has deserted her and that she is living apart from her said husband for justifiable cause. Due notice of said petition having been given to the said Joseph S. Garfi and the allegations of the petitioner appearing to be true, it is hereby adjudged and determined that the said Joseph S. Garfi has deserted the said petitioner and that she is living apart from her said husband for justifiable cause."

It is not contended that the Nevada divorce is valid.[1] The parties have argued certain questions relating to the validity of the New Hampshire marriage. We do not recite the pertinent findings or the reported evidence, as we are of opinion that on this record those questions are not open. The decree for separate support was dependent upon the existence of the marriage relation. *Rosa* v. *Rosa*, 296 Mass. 271, 272. *Cohen* v. *Cohen*, 319 Mass. 31, 34. *Heard* v.

---

[1] There was no service upon the wife in Nevada, and she entered no appearance. *Rice* v. *Rice*, 336 U. S. 674, 675–676. *Rubinstein* v. *Rubinstein*, 324 Mass. 340, 342. *Shain* v. *Shain*, 324 Mass. 603, 604. *Welker* v. *Welker*, 325 Mass. 738, 743.

*Heard,* 323 Mass. 357, 361. *Shain* v. *Shain,* 324 Mass. 603, 604. *Royal* v. *Royal,* 324 Mass. 613, 616–617. *Boltz* v. *Boltz,* 325 Mass. 726, 728. *Welker* v. *Welker,* 325 Mass. 738, 743. G. L. (Ter. Ed.) c. 209, § 32. There, accordingly, is an estoppel extending to all facts involved in it as necessary steps or as the groundwork upon which it must have been founded. *Burlen* v. *Shannon,* 99 Mass. 200, 202–203. *Hawks* v. *Truesdell,* 99 Mass. 557, 558. *Sandler* v. *Silk,* 292 Mass. 493, 498. *Cochrane* v. *Cochrane,* 303 Mass. 467, 470. *Mellen* v. *Modern Parlor Frame Corp.* 321 Mass. 305, 309. *Wishnewsky* v. *Saugus,* 325 Mass. 191, 194–195. The decree for separate support is conclusive in the present case that the parties are husband and wife.

*Decree affirmed.*