NATALIE KALMUS *vs.* HERBERT KALMUS.

Norfolk.    February 2, 1953. — March 2, 1953.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Judgment. Res Judicata. Divorce,* Decree, Revocation of decree. *Fraud.*

A decree of divorce within the jurisdiction of the court in which it was entered cannot be attacked collaterally. [45]

A petition in the Superior Court by a woman on whose libel a decree absolute of divorce had been entered in that court, to vacate that decree on the ground that following the decree nisi the libellee had induced her to resume and continue marital relations by misrepresentations that the decree nisi would be and had been vacated, whereas in fact he had knowingly allowed the decree absolute to be entered, was not barred by a judgment of a California court, entered in proceedings between the same parties there, to the effect that the decree absolute was valid and in full force and effect; a finding contained in such judgment, that there had been no reconciliation of the parties since the decree nisi, did not appear on the record to have been made pursuant to any assumption by the California court of jurisdiction to deal with the woman's right to obtain a vacation of the decree absolute by direct attack thereon and was collateral and immaterial to the California court's recognition of the decree absolute as valid until so vacated. [46–48]

PETITION, filed in the Superior Court on December 30, 1948.

A plea was heard by *Rome, J.*

*Joseph J. Krohn,* (*Vincent L. Hennessy* with him,) for the petitioner.

*Sumner H. Babcock,* for the respondent.

WILKINS, J. The parties were married in this Commonwealth on July 23, 1902. On December 22, 1921, on a libel for divorce filed by the wife in the Superior Court,

Norfolk County, there was entered a decree nisi which became absolute on June 23, 1922. By the present petition the wife seeks to vacate the decree in the divorce case and to dismiss the libel. The husband filed a plea alleging that the wife is "barred and estopped" by a judgment and decree in his favor entered on June 13, 1949, in the Superior Court of Los Angeles County in the State of California in an action by the wife for separate support and other relief and in his cross action for declaratory relief. The judge sustained the plea. From a final decree dismissing the petition, the wife appealed.

The proper office of a plea is to set forth some single fact or point the establishment of which will defeat the suit. For the purpose of the hearing on the plea the allegations of the petition not denied by the plea are admitted to be true. *S. Solomont & Sons Trust, Inc.* v. *New England Theatres Operating Corp.* 326 Mass. 99, 110. *Donahue* v. *Kenney,* 327 Mass. 409, 414. We summarize those allegations. Within two days after the decree nisi, the husband communicated with the wife, asking forgiveness, and stating that he desired a reconciliation. He informed her that the decree would not become "final" until some time in the future; that he would see to it that it did not become "final"; that she need not consult her attorneys; that resumption of marital relations would make vacation of the decree a mere formality; and that his attorneys would attend to that formality. In making these statements the husband did not intend to take any steps to prevent the entry of a decree absolute, but, "well knowing that the divorce decree would become final," intended to deceive the wife and to cause her to resume marital relations. About December 24, 1921, in reliance upon his statements the wife resumed marital relations, and they lived openly as husband and wife until 1944. The wife was informed by the husband, and she believed, that the decree nisi was vacated, and never became absolute. She was informed and believed that her original marital status had been revived, and that the divorce proceeding was nullified. The hus-

band took no steps to prevent the entry of a decree absolute, and perpetrated a fraud on the court by knowingly allowing it to be entered while the parties were living together as husband and wife.

At the hearing below on the present petition no oral testimony was offered. The evidence was entirely documentary and consisted of copies of the California court proceedings. The judge in his order for decree stated the following. On November 4, 1948, the wife filed in the California court a complaint alleging that she was a resident of California; that the parties were married in Massachusetts on July 23, 1902; that they remarried in New York in February, 1923; and "that ever since the 23rd day of July, 1902, or in any event ever since during or about February, 1923, (the parties) have been and now are husband and wife." There was a prayer "for a judgment decreeing the validity and present existence of the marriage." In his answer the husband joined issue on the foregoing allegations, and filed a cross complaint raising similar issues to which the wife answered. "[S]ince said issues raised by said complaint and cross complaint and the respective answers thereto are the same, or similar to issues raised by the petitioner's petition to vacate decree filed in this court on December 30, 1948; and since said Superior Court of the State of California, after trial, rendered judgment and decree upon said issues . . .; and since thereafter the petitioner duly appealed . . . to the California District Court of Appeal, Second [Appellate] District, Division One, where, after hearing, said judgment and decree were affirmed [103 Cal. App. (2d) 405] . . .; and since on further appeal by the petitioner to the Supreme Court of California, her petition for a hearing was denied (103 Cal. App. 2d, 426); and since thereafter her petition for a writ of certiorari to the Supreme Court of the United States was denied," 342 U. S. 903, the plea in bar is "good and sufficient."

The wife's complaint in California contained four alleged causes of action. Three were for support and maintenance based upon extreme cruelty, desertion, and adultery, re-

spectively. The fourth cause of action, for dissolution of a partnership, is immaterial. The husband's answer admitted the marriage on July 23, 1902, the decree nisi on December 22, 1921, the decree absolute six months later, and alleged that "by reason thereof, said Herbert T. Kalmus and Natalie M. Kalmus were and ever since the 23rd day of June, 1922, have been divorced." The husband denied any remarriage in New York and the grounds of the four causes of action, and alleged that the parties "separated prior to December 22, 1921, and have ever since lived separate and apart in so far as any marital relation is concerned."

The husband's cross complaint alleged a dispute as to the existence of the marriage and as to the validity of the divorce, and included a prayer for declaratory relief that the parties "are not now husband and wife and have not been husband and wife since December 22, 1921." The wife's answer to the cross complaint admitted the existence of the dispute, and alleged that there was a reconciliation prior to June 23, 1922; that "the decree never became final or absolute by reason of said reconciliation"; that the present petition was pending in Massachusetts; and that the California court "has no jurisdiction to hear or determine the validity of the said Massachusetts decree as of December 22, 1921, and whether the said decree became absolute or final."

On June 1, 1949, after the wife's attorneys were given leave to withdraw, the California case proceeded to trial. The wife was not present or represented. The husband was present. On June 13, 1949, a "judgment and decree" was entered, ordering that the wife take nothing and declaring that the husband was entitled to the relief prayed for in his cross complaint. Among other things, the judgment and decree stated that the decree nisi became absolute on June 23, 1922, and ever since that date "has been and now is a final and absolute adjudication of divorce," and "is still in full force and effect and unimpaired by any act or conduct" of the parties, or otherwise; that since the decree nisi there

has been no reconciliation, no remarriage, and no cohabitation as husband and wife; that the parties "are not now husband and wife and have not been husband and wife since December 22, 1921"; that the claims of the wife that she is still the wife and the divorce was invalid "are false and untrue and without right or foundation in fact"; that the wife is enjoined from continuing to make such claims; and that the California court has jurisdiction of the parties and of the causes of action, and "does have jurisdiction to hear and determine the validity of the Massachusetts decree of divorce of December 22, 1921, and does have jurisdiction to determine whether said decree became absolute or final and whether the same was and is valid."

The resumption of marital relations after a decree nisi and concealment of this fact from the court which later enters a decree absolute is extrinsic fraud for which the decree may be vacated by the court which granted it. *Meyer* v. *Meyer*, 326 Mass. 491. *McGuinness* v. *Superior Court*, 196 Cal. 222, 229–230. *Kronman* v. *Kronman*, 129 Cal. App. 10, 14. In this Commonwealth the alleged reconciliation in the present case could not be made the basis of an attack in another court upon the decree absolute. A divorce decree of the Superior Court, or of a Probate Court, within its jurisdiction cannot be attacked collaterally. *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581, 590, 592, and cases cited. The perplexing question here is the extent to which, because of the California proceedings, the wife is concluded in her direct attack from attempting to sustain the allegations of her petition to vacate.

The wife by her allegation in her California complaint was domiciled in that State. The husband, while apparently domiciled in this Commonwealth, submitted himself to the jurisdiction of the California court. He appeared through counsel and filed pleadings including a cross complaint of his own. There was an actual controversy as to the marriage status of the parties. *Hogan* v. *Hogan*, 320 Mass. 658, 662. *Garfi* v. *Garfi*, 327 Mass. 122. *Davis* v. *Seller*, 329 Mass. 385. To determine that particular con-

troversy it would have been enough merely to recognize the validity of the decree absolute.

Most of the allegations and many of the findings in the judgment and decree did relate to the controversy as to the validity of the divorce. In this category fall the allegations and findings in substance that the parties had not been husband and wife since December 22, 1921;[1] that the decree became absolute and final on June 23, 1922, and is still in full force and effect "unimpaired by any act or conduct" of the parties; that the wife's claims that she is still the wife and that the divorce is invalid "are false and untrue and without right or foundation in fact"; and that the California court did have jurisdiction to determine the validity of the decree of December 22, 1921, and to determine whether it became absolute or final.

The issue of fraudulent representations was not expressly raised by the pleadings nor presented to the California court, which, therefore, cannot be said to have adjudicated that question. But reconciliation before the decree became absolute was set up in the wife's answer to the cross complaint, and there was a finding against her on that point in the judgment and decree. If that fact has been concluded against her so that she cannot now litigate it, it would seem that the plea was rightly sustained, because misrepresentations would not constitute the fraud relied upon unless followed by a reconciliation and resumption of marital relations. Otherwise, there could have been at most only attempted fraud on the wife or on our Superior Court.

The finding that there had been no reconciliation, however, was immaterial on the issue of validity of the divorce decree, which is good until set aside. *McKay* v. *Polep*, 311 Mass. 567, 570, and cases cited. At most, reconciliation was one fact which with others might constitute a ground for direct attack to vacate it for extrinsic fraud. Until a successful attack should be made here in the Superior Court, the courts of other States, equally with the courts of this

---

[1] This date, being that of the decree nisi, was in any event mistaken.

Commonwealth, should accept the decree as valid. Freeman on Judgments (5th ed.) § 1401. Beale, Conflict of Laws, § 110.6.

We accordingly agree with the California court in its holding that in substance the decree absolute was valid, and the parties are not married to each other. We find nothing in its judgment and decree which was inconsistent with that holding, and we include the statement of jurisdiction to make that holding. We do not understand that the California court was asked or undertook to make any pronouncement as to the wife's right to invoke the remedy under our practice to present to the Superior Court a petition to vacate. See *Bowser* v. *Tobin*, 215 Ind. 99, 103. The finding that there was no reconciliation, made only pursuant to an allegation in the wife's answer to the cross complaint,[1] does not seem to us to amount to that. We think that that finding was collateral to any issue before the court. It seemingly would not create an estoppel in a later proceeding for declaratory judgment in California. *Lillis* v. *Emigrant Ditch Co.* 95 Cal. 553, 561. *Chapman* v. *Hughes*, 134 Cal. 641, 654. *Lowe* v. *Ozmun*, 3 Cal. App. 387, 392. We think it should not do so here. *Olsen* v. *Olsen*, 294 Mass. 507, 509. Restatement: Judgments, § 68, comment o; § 69 (2).

It is not correct to contend, as does the husband, that the validity of the divorce decree included the issue of reconciliation and cohabitation, or that "it necessarily included" the issue of fraud. Nor is it sound to argue that in the present petition the wife is seeking to try the validity of the divorce again. The petition admits the validity of the decree, and asks that it be vacated.

It is urged that even if the California court should not have proceeded as though it had jurisdiction to foreclose the wife's direct attack on the divorce decree, it neverthe-

---

[1] The allegation of the husband's answer to the complaint that the parties "separated prior to December 22, 1921, and have ever since lived separate and apart in so far as any marital relation is concerned" is at best ambiguous and not the same as an allegation that they were not reconciled or living together. *Brewer* v. *Brewer*, 329 Mass. 205, 207.

less did so and the parties are bound thereby, because a decision that jurisdiction exists, even if erroneous, is res judicata as it would be on any other issue. See, for example, *Davis* v. *Davis*, 305 U. S. 32; *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581, 586; *Perkins* v. *Benguet Consolidated Mining Co.* 55 Cal. App. (2d) 720, 743. This overlooks the precise phraseology of the judgment and decree, and, according to our interpretation, unwarrantably extends their scope and effect. According to our view, the California court did not take the position contended for, and we do not reach this question.

We are of opinion that the plea should not have been sustained.

*Exceptions dismissed.*
*Decree reversed.*