GEORGIA S. BARNARD *vs.* RALPH W. BARNARD.

Essex. May 3, 1954. — June 7, 1954.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Domicil. Divorce*, Jurisdiction, Foreign divorce. *Jurisdiction*, Divorce proceedings.

The courts of a State have no jurisdiction to grant a divorce unless at least one of the spouses is domiciled therein.

Findings that a husband did not intend to acquire a domicil in Nevada and did not acquire one were not plainly wrong on evidence of the circumstances of his going to Nevada immediately after a divorce proceeding by him in Massachusetts had been dismissed, obtaining a purported divorce in Nevada, and immediately returning to live in New Hampshire near his Massachusetts office.

PETITION, filed in the Probate Court for the county of Essex on September 8, 1953.

The case was heard by *Phelan, J.* The evidence was reported and the judge made findings of fact.

*Bernard J. Lojko,* for the respondent.

*George Karelitz,* for the petitioner.

LUMMUS, J. This is a petition brought in a Probate Court on September 8, 1953, under G. L. (Ter. Ed.) c. 209, § 32, by a wife against her husband, alleging that he fails without just cause to furnish suitable support for her and has deserted her. After a hearing, the judge on October 29, 1953, found that the husband had deserted the wife and that for justifiable cause she is actually living apart from him, and ordered him to pay her $25 a week.

The judge found, and we think that there was evidence to support his finding, that the husband had no sufficient cause to justify his desertion of the wife. The only evidence of any support furnished the wife after the desertion was that she was sent $15 a week from the husband's office, and that evidence came only from the husband. Desertion, even without failure to support, authorized a decree in favor of the wife, under the statute. *Farrell* v. *Farrell,* 262 Mass. 209.

On April 10, 1953, the husband left his wife and has not lived with her since. He brought a libel for divorce in the Probate Court for the county of Essex, which was dismissed without prejudice on May 27, 1953. The husband arrived at Las Vegas in Nevada on May 30, 1953. On July 13, 1953, he brought an action for divorce in a Nevada court, alleging extreme cruelty. The wife was served here, but did not appear. He obtained a decree of divorce on August 18, 1953, and immediately returned to the neighborhood of Newburyport, living across the State line in New Hampshire, from which place he travels every day to his place of business at Newburyport. The husband contends that the decree of the Probate Court is erroneous because the legal relation of husband and wife was terminated by the Nevada decree of divorce. It is clear that a petition

for separate support cannot be maintained after a divorce. *Welker* v. *Welker*, 325 Mass. 738, 743. *Garfi* v. *Garfi*, 327 Mass. 122, 123.

The decisive question is whether the Nevada decree of divorce is valid, and its validity depends upon whether the husband acquired a domicil in Nevada. It is well settled that a State cannot validly grant a divorce unless one of the spouses is domiciled within its borders. *Bergeron* v. *Bergeron*, 287 Mass. 524, 528. *Coe* v. *Coe*, 316 Mass. 423, 426. *Rubenstein* v. *Rubenstein*, 319 Mass. 568, 571. *Coe* v. *Coe*, 320 Mass. 295, 302. *Heard* v. *Heard*, 323 Mass. 357, 364. *Shain* v. *Shain*, 324 Mass. 603, 604. *Royal* v. *Royal*, 324 Mass. 613, 617. *Fitzgerald* v. *Starratt*, 330 Mass. 75. *Sylvester* v. *Sylvester*, 330 Mass. 397.

The judge found that "the sole purpose" of the husband in going to Nevada was to obtain a divorce. He obtained the name of counsel in Nevada while still in Massachusetts. He engaged counsel within two days after his arrival in Nevada. He left his optometry office open in Newburyport, and intended to return to it. He left his automobile there. He went to Nevada as soon as his libel for divorce in Massachusetts was dismissed. He came back as soon as he had obtained a decree of divorce in Nevada. We think there was no error in the finding that the husband never intended to acquire a domicil in Nevada and never did acquire one.

*Decree affirmed.*