ETHEL B. (HYDER) TIERNEY *vs.* J. PAUL TIERNEY.

Norfolk.     October 6, 1954. — March 31, 1955.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Marriage*, Annulment, Validity. *Divorce*, Foreign divorce, Jurisdiction. *Jurisdiction*, Divorce proceeding. *Probate Court*, Motion to dismiss, Annulment proceeding.

A marriage, entered into in Maine by a man at a time, less than two years after he had been divorced in Massachusetts by a former spouse, when he was forbidden by G. L. (Ter. Ed.) c. 208, § 24, to marry another, became valid under c. 207, § 6, upon the expiration of such two years where he and the woman he married were then living together as husband and wife in Massachusetts "in good faith" and continued to do so. [415]

The facts that a divorce was granted by a court for a county in Maine having jurisdiction of divorce, for a cause for which a divorce could be granted there, and to a husband who had his domicil and brought the libel in that county, and that the wife appeared generally in the divorce proceeding, made the divorce valid in Massachusetts. [416]

A decree dismissing a libel for annulment of marriage was affirmed where, although the decree purported to have been entered on a motion to dismiss by the libellee, it was apparent from the record that the case had been disposed of by the trial judge on the basis of facts found and reported by him, and the decree was right on such facts. [416–417]

LIBEL, filed in the Probate Court for the county of Norfolk on October 1, 1952.

The case was heard by *Reynolds, J.*

*James L. Kenney,* (*William S. Kenney* with him,) for the libellant.

*Richard J. Cotter, Jr.,* for the libellee.

LUMMUS, J. This is a libel for annulling the purported marriage between the parties, under G. L. (Ter. Ed.) c. 207, § 14, as amended. The main question is, whether at the time when the parties went through a ceremony of marriage on August 16, 1949, J. Paul Tierney already had a wife.

Tierney was divorced from his first wife, Mary Ellen Tierney, in Massachusetts, on her libel, by a decree which became absolute on April 9, 1938. By G. L. (Ter. Ed.) c. 208, § 24, Tierney was forbidden to marry another within two years after that date. He did marry one Mary Agatha Tierney in Maine on April 9, 1939. The judge found that at the end of the period during which he was forbidden to marry another, namely on April 9, 1940, and afterwards, Tierney and Mary Agatha Tierney were living together as husband and wife in Massachusetts "in good faith." Under G. L. (Ter. Ed.) c. 207, § 6, their marriage became valid on April 10, 1940. *Commonwealth* v. *Josselyn,* 186 Mass. 186. *Vital* v. *Vital,* 319 Mass. 185. *Royal* v. *Royal,* 324 Mass. 613, 615–616. The findings of the judge show that the marriage of Tierney with Mary Agatha Tierney, was valid.

The judge found that on October 31, 1944, Tierney, "then of Lewiston in the County of Androscoggin in the State of Maine" (a finding which we deem one that he was domiciled there), filed a libel for divorce in the Superior Court for that county against Mary Agatha Tierney of Whitman, Massachusetts. Personal service was made upon her in Massachusetts by a deputy sheriff. She appeared generally in the Maine court by her attorneys. The Maine court granted Tierney a divorce on January 20, 1945, for the cause of desertion for three years, a ground for divorce under the Maine statute.

The fact that Tierney had his domicil in Maine when he filed his libel for divorce gave jurisdiction to the Maine court. *Williams* v. *North Carolina*, 317 U. S. 287. *Williams* v. *North Carolina*, 325 U. S. 226. *Royal* v. *Royal*, 324 Mass. 613, 617. *Fitzgerald* v. *Starratt*, 330 Mass. 75, 78. *Barnard* v. *Barnard*, 331 Mass. 455. The statute of Maine (Rev. St. 1944, c. 153, § 55), gave jurisdiction to the Superior Court for Androscoggin County, where Tierney lived and where he brought his libel for divorce. The decree of divorce raises a presumption that that court had jurisdiction to grant it. *Cook* v. *Cook*, 342 U. S. 126. We see no ground for denying its validity. But if there were any such ground, the fact that the libellee Mary Agatha Tierney appeared in the Maine court would make the divorce valid. *Aufiero* v. *Aufiero, ante,* 149, 152. *Sherrer* v. *Sherrer*, 334 U. S. 343. *Coe* v. *Coe*, 334 U. S. 378. Compare *Staedler* v. *Staedler,* 6 N. J. 380.

The judge dismissed the libel for annulment of marriage upon a motion to dismiss filed by Tierney. By G. L. (Ter. Ed.) c. 208, § 33, as appearing in St. 1936, c. 221, § 1, practice in divorce cases generally is assimilated to practice in equity, and that applies also to libels for annulment. G. L. (Ter. Ed.) c. 207, § 14. Motions to dismiss are recognized by Rule 37 of the Probate Courts (1934). *Cochrane* v. *Cochrane*, 303 Mass. 467, 468. It has been said that motions to dismiss are unknown in equity practice. *Rothstein* v. *Commissioner of Banks*, 258 Mass. 196, 197. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. Since a motion to dismiss must be based on matter appearing on the record (*Cochrane* v. *Cochrane*, 303 Mass. 467, 468) it is clear that the so called "motion to dismiss" in the present case was not treated as such, for the judge dealt with it on the basis of facts found and reported by him. It was not properly a plea, for it did not set up a single point to attack the libel for nullity. *Kalmus* v. *Kalmus*, 330 Mass. 41, 42. A pleading will be considered according to its substance, and not merely according to its name. *Cochrane* v. *Cochrane*, 303 Mass. 467, 469. *Frost* v. *Kendall*, 320 Mass. 623, 624. As

was said in *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 507, the so called motion to dismiss may be treated as a "double and defective plea presented and tried without objection." See also *Moran* v. *Manning*, 306 Mass. 404, 407–408. The decree dismissing the libel for nullity was right on the facts found, even though it was erroneously stated as having been entered on a motion to dismiss. *Frost* v. *Kendall*, 320 Mass. 623, 626.

*Decree dismissing libel affirmed.*