ALEXANDER J. ROMANOW *vs.* EVA ROMANOW (and a companion case). January 7, 1957. Decree affirmed. These are two appeals by a husband, the first from a decree dismissing his petition for an annulment of his marriage to his wife, and the second from a decree awarding her weekly support on her petition for separate support. Both cases were heard together. The only issue is the validity of the marriage. The wife, who had been previously married to one Freedman, filed a libel against the latter on September 9, 1952, in the Probate Court for Suffolk County. This libel remained inactive until it was dismissed on July 7, 1955, in accordance with Rule 43 of the Probate Courts (1934). The wife filed a second libel against Freedman in said court on December 11, 1952, and was granted a decree nisi on February 3, 1953. This second libel made no mention of the pendency of the first libel as provided for by Rule 35 of the Probate Courts (1934). It is the contention of the husband that the decree of February 3, 1953, thereby was void and his subsequent marriage to her invalid. The judge who heard the instant petitions made a report of the material facts. There is no finding that the wife practised any imposition on the court in securing her divorce on February 3, 1953. Besides, it appears from his report that, in hearing the instant petition for annulment and the nonsupport petition, he knew that the second libel did not mention the pendency of the first libel. Her failure to mention the first libel was not a jurisdictional defect and at most it was a procedural defect not furnishing adequate basis to maintain a collateral attack upon the decree of February 3, 1953. *Eldridge* v. *Eldridge*, 278 Mass. 309. *Old Colony Trust Co.* v. *Porter*, 324 Mass. 581. *Kalmus* v. *Kalmus*, 330 Mass. 41.

*Solomon Romanow, (Leo Wall* with him,) for Alexander J. Romanow.
*Louis Goldstein*, for Eva Romanow.