REA RUBINSTEIN *vs.* BENJAMIN RUBINSTEIN.

Worcester.   October 8, 1948. — June 6, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Marriage and Divorce*, Jurisdiction, Foreign divorce, Cruel and abusive treatment.   *Jurisdiction*, Divorce proceedings.   *Constitutional Law*, Full faith and credit, Divorce.   *Domicil.*

A divorce proceeding in Nevada was ex parte and therefore subject to reëxamination in our courts as to jurisdictional facts found where it appeared that the only service of process upon the defendant in the Nevada proceeding was in this Commonwealth and that up to and including the decisive date of the Nevada decree there was no appearance nor participation in such proceeding by the defendant, who never had been in Nevada.

Conclusions by this court in *Rubinstein* v. *Rubinstein*, 319 Mass. 568, that a husband did not acquire a domicil in Nevada and that a court of that State therefore did not have jurisdiction in a divorce proceeding brought there by him were affirmed on reëxamination of evidence which showed that he left Massachusetts, where he and his wife had always had their matrimonial domicil, not without intention to return here but because of a contempt proceeding brought by his wife for his failure to obey a separate support decree; that he went to Nevada and

stayed there until the divorce was granted; that he then went to New York where he lived until certain financial questions between the parties had been adjusted by his father; and that shortly thereafter he returned to Massachusetts to live.

Evidence of physical violence, threats, and profanity of a husband warranted a finding of cruel and abusive treatment of his wife by him.

LIBEL for divorce, filed in the Probate Court for the county of Worcester on February 20, 1945.

The case was reheard by *Atwood,* J., after the decision by this court reported in 319 Mass. 568.

*J. D. O'Reilly, Jr.,* for the libellee.

*L. Rubin,* for the libellant.

WILKINS, J. After our earlier decision in this case (319 Mass. 568), there was a hearing in the Probate Court. On March 24, 1947, a decree nisi of divorce was entered on the ground of cruel and abusive treatment, and the libellee appealed. In the meantime, there have been decided *Sherrer* v. *Sherrer,* 334 U. S. 343, and *Coe* v. *Coe,* 334 U. S. 378 (reversing respectively two of our later decisions, *Sherrer* v. *Sherrer,* 320 Mass. 351, and *Coe* v. *Coe,* 320 Mass. 295), which overrule, certainly in part, *Andrews* v. *Andrews,* 188 U. S. 14, and give to *Davis* v. *Davis,* 305 U. S. 32, a far more general application than had been our interpretation of that case. See *Rubinstein* v. *Rubinstein,* 319 Mass. 568, 571–572. We are now asked to reconsider our earlier decision that the libellee had no bona fide domicil in the State of Nevada, and that that State lacked jurisdiction to grant him a divorce. We, accordingly, make such reconsideration, noting that there is a presumption of the validity of the Nevada decree. *Williams* v. *North Carolina,* 325 U. S. 226, 233–234. *Esenwein* v. *Commonwealth,* 325 U. S. 279, 280–281.

The *Sherrer* case is founded upon the proposition that "the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State where there has been participation by the defendant in the divorce proceedings, where the defendant has been accorded full

opportunity to contest the jurisdictional issues, and where the decree is not susceptible to such collateral attack in the courts of the State which rendered the decree" (334 U. S. 343, 351–352). In other words, no matter what may have been the actual fact as to domicil, appearance and participation of both parties in such circumstances preclude further inquiry elsewhere, at least in a case between them. In the *Sherrer* case a distinction is drawn (pages 355–356) as to ex parte proceedings in these words: "It is one thing. to recognize as permissible the judicial reexamination of findings of jurisdictional fact where such findings have been made by a court of a sister State which has entered a divorce decree in ex parte proceedings. It is quite another thing to hold that the vital rights and interests involved in divorce litigation may be held in suspense pending the scrutiny by courts of sister States of findings of jurisdictional fact made by a competent court in proceedings conducted in a manner consistent with the highest requirements of due process and in which the defendant has participated." In *Rice* v. *Rice*, 336 U. S. 674, 675–676, which affirmed *Rice* v. *Rice*, 134 Conn. 440, the *Sherrer* and *Coe* cases were distinguished on the ground that in the *Rice* case no personal service was made upon the decedent's first wife, and that she did not in any way participate in the Nevada proceedings. Accordingly, in a controversy over inheritance with a second wife whom the decedent had married following a Nevada divorce decree, the first wife was allowed to challenge in Connecticut the finding of the Nevada court that at the time of the divorce the decedent was domiciled in Nevada. See, similarly, *Heard* v. *Heard*, 323 Mass. 357, 363.

The first question confronting us is the determination of the category in which the case falls. The parties were married in this Commonwealth on August 22, 1926, and lived together here until December, 1933. The husband's complaint seeking a divorce was filed in the Nevada court on January 29, 1938. The wife was served with process in this Commonwealth on February 11, 1938. The decree

of divorce in the Nevada court was dated March 28, 1938, following the entry of a default on that date against the wife. The decree recited "that she has failed to appear and answer within the time allowed by law, or at all." She did not participate in the proceedings in Nevada other than to file through her Massachusetts attorney, on a date not given but which must have been subsequent to the hearing on March 28, a special appearance, questioning jurisdiction. Our statement that the date of the filing of the special appearance was after the hearing is based not only upon the recital in the Nevada divorce decree that she had not then appeared at all, but also upon the position of the special appearance as listed as the final document in the certified copy of the record of the Nevada court under the hand and seal of its clerk, as printed in the record on this appeal.

In our opinion, the proceedings in Nevada were ex parte. Up to and including the decisive date of the decree there was no appearance nor participation by the defendant wife, who never had been in Nevada. The only service was in this State. In *Rice* v. *Rice* the only service was in Connecticut. See 134 Conn. 440, 442–443. It is, therefore, permissible for this court to reëxamine the findings of jurisdictional facts. Upon reconsideration now of our earlier reëxamination of such facts in 319 Mass. 568, we affirm our conclusion that the Nevada court lacked jurisdiction.

The libellee also urges upon us that the evidence did not warrant a finding of cruel and abusive treatment. The judge made a report of the material facts found by him. G. L. (Ter. Ed.) c. 215, § 11. We need not recount the reported evidence, as the libellee does not contend that there was no evidence of three instances of physical violence reported by the judge. In the summer of 1933 when they were returning from New York by automobile the libellee hit the libellant with a pillow; her head fell back; she became hysterical; and the libellee threatened to leave her on the road. Early in December, 1933, he became angry,

swore at her, called her vile names, pushed her, and went away. About a week after he left he returned and with much profanity ordered her out of the house; he grabbed her, pushed her head against the wall, punched her in the arm, leaving a black and blue mark. This was enough to permit the finding of cruel and abusive treatment. *Mooney* v. *Mooney*, 317 Mass. 433. In *Vergnani* v. *Vergnani*, 321 Mass. 703, relied upon by the libellee, there was no report of the evidence, and the meager findings of material facts reported under the statute did not support the decree.

*Decree affirmed.*