BERTHA H. INGERSOLL *vs.* ROBERT E. INGERSOLL.

Middlesex.   November 5, 1964. — December 7, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Jurisdiction,* Over the person.  *Probate Court,* Jurisdiction, Appearance, Execution.  *Husband and Wife,* Separate support.  *Divorce,* Foreign divorce.  *Contempt.*

A Probate Court had jurisdiction to enter a decree against the respondent in a petition for issuance of an execution on a previous decree for separate support where, although the respondent was absent from the Commonwealth, his attorney appeared generally in his behalf and "contested the case at all stages."   [210]

At the hearing in a Probate Court on a petition for issuance of an execution on a decree for separate support of the petitioner, it was error to exclude evidence offered by the respondent that shortly after the entry of that decree he had secured a divorce from the petitioner.   [210–211]

The mere filing in a Probate Court of a petition for contempt alleging disobedience of a decree for separate support by the respondent by failing to make payments to the petitioner required thereby did not operate to deprive the respondent of his right to prove a divorce secured by him from the petitioner as a mitigating defence to a petition by her for issuance of an execution on the decree for separate support.   [211]

PETITION for execution filed in the Probate Court for the county of Middlesex on November 8, 1963.

The case was heard by *McMenimen,* J.

*James L. Kenney* for the respondent.

*Joseph B. Abrams* for the petitioner.

SPIEGEL, J.   This is a petition for an execution to issue on the basis of a decree of the Probate Court entered on a petition for separate support.   The record reveals the following.   By a decree entered on April 17, 1962, the petitioner was granted custody of the minor children of the parties and awarded certain amounts for separate support and maintenance.   Thereafter, on May 17, 1962, she filed a petition for contempt, alleging that the respondent disobeyed the decree by failing to make the required pay-

ments. On November 8, 1963, she filed the petition with which we are presently concerned. On November 29, 1963, the respondent filed a petition for modification of the April 17 decree on the ground that he was awarded a divorce from the petitioner in Nevada on August 30, 1962. A hearing on the petition for an execution to issue was held on February 3, 1964, at which time the respondent was absent from the Commonwealth. His attorney was present at the hearing and offered in evidence an "authenticated copy of the record of the Court of Ormsby County in Nevada" relating to a divorce proceeding brought by the respondent. The trial judge refused to admit the copy in evidence and refused to permit the attorney to proceed with a hearing on the petition for modification. Exceptions to these rulings were duly taken.[1] A decree was entered ordering the issuance of an execution in favor of the petitioner in the sum of $9,326 from which the respondent appeals.

The respondent contends that the Probate Court "was without authority to enter a decree" against the respondent because he had not "submitted to the jurisdiction of the Court." However, the record indicates, and the respondent does not deny, that his authorized attorney made a voluntary general appearance on his behalf "and contested the case at all stages until judgment was rendered. That such an appearance gives jurisdiction . . . is familiar law." *Rothschild* v. *Knight*, 176 Mass. 48, 55. *Erickson* v. *Robison*, 282 App. Div. (N. Y.) 574, 576. *Wood* v. *Wood*, 174 Ohio St. 318, 320.

The respondent also contends that "it was error for the trial judge to exclude the duly authenticated copy of the [Nevada] divorce proceedings." "Separate support is dependent on the existence of the marriage relation. Termination of that relation by a divorce decreed in another jurisdiction, valid and effectual in this Commonwealth, entitles the husband to be discharged from his liability for payments, under the decree for separate support, which had

---

[1] The latter exception has not been argued in the respondent's brief and is therefore deemed waived.

not become due at the time of the divorce." *Rosa* v. *Rosa,* 296 Mass. 271, 272. See *Shain* v. *Shain,* 324 Mass. 603, 604. Compare *Adams* v. *Adams,* 338 Mass. 776, 782. The intervening divorce may be properly considered with regard to a petition for an execution for unpaid arrears. See *Sawyer* v. *Kuhnle,* 324 Mass. 53, 56. It was therefore error to exclude evidence of such a divorce. However, upon remand, the Probate Court should determine whether the divorce is valid before giving it the effect for which the respondent here contends. The brief for the petitioner refers to the allegations in her answer to the husband's petition for modification that he, immediately upon obtaining the Nevada divorce, moved to Florida in accordance with arrangements made prior to leaving Massachusetts and has contracted a marriage there in violation of law. These are issues for determination by the Probate Court. For certain relevant considerations in this connection, see G. L. c. 208, § 39;[2] *Barnard* v. *Barnard,* 331 Mass. 455, 457; *Aufiero* v. *Aufiero,* 332 Mass. 149, 152; *Tierney* v. *Tierney,* 332 Mass. 414, 416; *Chittick* v. *Chittick,* 332 Mass. 554, 556–560; *Rice* v. *Rice,* 336 U. S. 674.

Finally, we see no basis for depriving the respondent of a possible mitigating defence against a petition for execution simply because the petitioner had previously filed a petition for contempt against the respondent which has as yet not been heard and on which no finding of contempt has yet been made. Compare *Henderson* v. *Henderson,* 329 Mass. 257, 258.

The respondent's exception to the exclusion of the authenticated copy of the Nevada divorce decree is sustained, the decree for an execution to issue is reversed, and the petition for an execution is remanded for further proceedings in conformity with this opinion.

*So ordered.*

[2] This section, so far as material, reads: "A divorce decreed in another jurisdiction according to the laws thereof by a court having jurisdiction of the cause and of both the parties shall be valid and effectual in this commonwealth."