MURDOCK, Justice
(dissenting).
As a preliminary matter, I respectfully must disagree with the suggestion in Justice Lyons’s special concurrence that a motion asserting the defense of lack of in personam jurisdiction under Rule 12(b)(2), Ala. R. Civ. P., is- not “proper” merely because that defense already has been asserted by a defendant in a previously filed answer. Rule 12(b)(2) provides that such a defense “may at the option of the pleader” be made in a separate motion. I do not read this permission to assert such a defense in a separate motion as conditioned upon the movant having withheld that defense from the text of a previously filed answer. See, e.g., Lechoslaw v. Bank of America, N.A., 618 F.3d 49 (1st Cir.2010) (assertion of defense of lack of in personam jurisdiction in an answer followed by specific assertion of it in motion for relief under Rule 12, Fed.R.Civ.P.).
Similarly, I do not see that .the rule of construction expressed in Rule 1(c), Ala. R. Civ. P. (for the just determination of every action) in some way “requires treatment of a motion under Rule 12(b)(2) as a motion for a preliminary hearing pursuant to Rule 12(d), Ala. R. Civ. P.” 168 So.3d at 1202 (Lyons, Special Justice, concurring specially). As the rule contemplates, an “application” for a pretrial hearing — as opposed to waiting for a ruling at trial on the defense asserted in either an answer or a motion— is a different matter than the motion itself.
That said, I write separately primarily to address the merits of the issue presented and, in that regard, to explain why I do not believe the defendants waived their defense of lack of in personam jurisdiction grounded, as it was, on -the inability of the plaintiff to satisfy the so-called “minimum contacts” test.
Alaska Bush Adventures, LLC, Hugh Les Krank, and Ryan L. Krank (hereinafter referred to collectively as “the defendants”) asserted their defense of a lack of in personam jurisdiction in their initial responsive pleading, an answer filed on December 21, 2012. On January 2, 2013, only a few days later (following two intervening holidays), the defendants, faced with a motion for a default judgment and pending discovery requests, filed a motion for a stay of the judicial proceedings and for arbitration; they included in this motion a statement pointing out that a separate motion to dismiss based on lack of in person-am jurisdiction, as alleged in their December 21 answer, was about to be filed. Nine days later, the defendants did, in fact, file separate motions asserting the same minimum-contacts in personam jurisdiction defense raised in their answer three weeks earlier and in the motion they had filed nine days earlier. Against this procedural backdrop, the trial court refrained from ruling on the defendants’ motion regarding arbitration until it issued a combined order simultaneously denying the defendants’ motions to dismiss for lack of in personam jurisdiction and the defendants’ motion to compel arbitration.
Under these circumstances, I do not believe the defendants’ actions constituted the legal submission to the jurisdiction of the court contemplated for the submission to constitute a waiver of the defense of lack of in personam jurisdiction. What is required — but is not present in this case— is a “failure to assert [the defense] seasonably.” Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939). In this regard, federal courts have long since abandoned the notion that a so-called “general appear- *1205 anee” automatically constitutes a waiver of a defense of lack of personal jurisdiction. See generally 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1344 (3d ed.2004). So too have our rules. See generally Committee Comments to Rule 12, Ala. R. Civ. P., explaining the movement away from “special appearances” and the principle that “neither the filing of a general appearance, nor the taking of a position looking to the merits, prevents a party from attacking the jurisdiction of the court or the service of process.”
Federal jurisprudence now widely accepts the notion that the question of waiver is not answered by the application of rigid default rules but lies in a “gray area” that must be examined on a case-by-case basis at the discretion of the trial court.[6] For example, in Lechoslaw, supra, the United States Court of Appeals for the First Circuit shed the following light on the issue:
“It is clear that ‘a defense of lack of jurisdiction over the person is waived if not timely raised in the answer or a responsive pleading.’ Id. (quoting Fed. R.Civ.P. 12(h)) (internal quotations and marks omitted); see also Mass. R. Civ. P. 12(h) (same). However, even if the issue of personal jurisdiction is raised in its answer or other responsive pleading, a party may nevertheless waive jurisdiction if it makes voluntary appearances and contests the case at all stages until judgment is rendered. Ingersoll v. Ingersoll, 348 Mass. 209, 202 N.E.2d 820, 821 (1964). Those are the two extremes; in between lies a wide gray gulf....
[[Image here]]
“... Lechoslaw ... argues that Bank Handlowy is anyway precluded by its actions and by laches from raising the issue of personal jurisdiction because it propounded discovery requests, negotiated extensions to the time required to respond to the discovery requests, solicited a confidentiality agreement, and because it filed an assented-to motion to expand the tracking order before filing its Rule 12 motion [asserting lack of personal jurisdiction]....
“... A determination as to ‘waiver [of personal jurisdiction is] within the discretion of the trial court, consistent with its broad duties in managing the conduct of cases pending before it.’ United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 882 (Fed.Cir.1997). Thus, ‘[o]n appeal, this court defers to the judgment of the trial court on such matters closely associated with the standard functions of the adjudicative process, so long as that judgment is not an abuse of the trial court’s discretion.... ’ Id. (internal citations omitted); see also Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2d Cir.1999)....
“Bank Handlowy’s answer to Lechos-law’s complaint included the affirmative defense of lack of personal jurisdiction. The language ... from Bank Hand-lowy’s motion[] does not imply that Bank Handlowy had assented to jurisdiction. The quote makes clear that Bank Handlowy contested personal jurisdiction in its answer. It only clarifies the reason why Bank Handlowy chose to *1206 file an answer, its first responsive pleading in this case, before it filed a Rule 12 motion. There is nothing the matter with Bank Handlowy’s chosen order of filings given that its answer included the personal jurisdiction defense. In addition, the fact that Bank Handlowy assented to a motion to extend the tracking order before it filed its Rule 12 motion is also not reason to find waiver, and the cases Lechoslaw cites are not to the contrary. The trial court did not abuse its discretion in finding Bank Handlowy did not waive its defense of lack of personal jurisdiction.”
618 F.3d at 55-56 (footnotes omitted).
Consistent with the aforesaid analysis, the test to be applied in this case-by-ease-examination basis has been framed aptly by one court as whether a defendant “substantially participates in the litigation without actively pursuing its Rule 12(b)(2) defense.” Matthews v. Brookstone Stores, Inc., 431 F.Supp.2d 1219, 1223 (S.D.Ala.2006). Although it has been said that the examination should turn on “all relevant factors,” the examination primarily turns on two factors: The length of time between an initial appearance and the assertion of the defense and the nature and extent of participation in the trial court proceedings before the assertion of the defense.
The United States District Court for the Southern District of Alabama has compiled the following well researched and instructive review of federal caselaw in this regard:
“In the typical waiver scenario, a personal jurisdiction defense is abandoned when a defendant fails to raise the issue in either a responsive pleading or a Rule 12 motion. See Stubbs [v. Wyndham Nassau Resort & Crystal Palace Casino], 447 F.3d 1357, 1364 [(11th Cir.2006) ]; Palmer v. Braun, 376 F.3d 1254, 1259 (11th Cir.2004) (explaining that defendant waives personal jurisdiction defense by not interposing it in responsive pleading or motion to dismiss); Posner v. Essex Ins. Co., 178 F.3d 1209, 1213, n. 4 (11th Cir.1999) (‘By omitting this defense from its motion, Essex waived any challenge it could have asserted to the court’s exercise of personal jurisdiction over it.’).[3] However, personal jurisdiction may also be waived, even if a defendant has nominally preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively .pursuing its Rule 12(b)(2) defense. See Rates Technology Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1309 (Fed.Cir.2005) (noting that ‘a party may consent to personal jurisdiction by extensively participating in the litigation without timely seeking dismissal’); PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland), 260 F.3d 453, 459 (5th Cir.2001) (acknowledging ‘well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections’); Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 60 (2nd Cir.1999) (observing that ‘delay in challenging personal jurisdiction by motion to dismiss may result in waiver, even where ... the defense was asserted in a timely answer’) (citations omitted); Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir.1998) (‘Most defenses, including the defense of lack of personal jurisdiction, may be waived as a result of the course of conduct pursued by a party during litigation.’); Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co., 203 F.3d 835 (10th Cir.2000) (‘After its lengthy participation in this litigation, ... [defendant] may not pull its personal jurisdiction defense *1207 out of the hat like a rabbit.’) (citations omitted).[4]
“Here, D & M mentioned personal jurisdiction amidst a laundry list of affirmative defenses in its answer, but failed to move forward with that defense for several months. The critical question, then, is whether that conduct gives rise to an implicit waiver of the personal jurisdiction defense, even after it has been properly raised in a responsive pleading. In synthesizing extant jurisprudence on this issue, one commentator has observed that ‘the cases are far from uniform’ and that ‘the result seems to turn on the particular circumstances of an individual case.’ Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1391. Thus, ‘[wjhen considering whether a defendant has forfeited the defense of lack of personal jurisdiction, despite that defendant’s technical compliance with Rule 12(h) ..., the court examines all of the relevant circumstances.’ Epperson v. Entertainment Express, Inc., 338 F.Supp.2d 328, 334 (D.Conn.2004) (identifying factors such as whether objecting party had previously requested that court take action in its favor).
“Despite this rather nebulous framework and the paucity of Eleventh Circuit guidance, review of persuasive authority from other jurisdictions discloses two clear organizing principles for the ‘waiver-by-conduet’ analysis. First, courts pay close attention to the length of time that elapses between service of process and a defendant’s pursuit of a personal jurisdiction defense via a Rule 12(b)(2) motion. The longer the time interval, the more likely it is that courts will find a waiver. See Hamilton, 197 F.3d at 62 (determining that defendant forfeited personal jurisdiction defense by failing to raise it for four years after inclusion of defense in answer); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993) (finding waiver where defendants did not actively contest personal jurisdiction for more than two and a half years after listing the defense in their answer); Hunger, [203 F.3d 835] (defendant waived personal jurisdiction defense by waiting more than three years to file motion to dismiss on that basis, after first timely raising the defense in its answer); Plunkett v. Valhalla Investment Services, Inc., 409 F.Supp.2d 39, 41-42 (D.Mass.2006) (finding that defendants abandoned personal jurisdiction defense by referencing it in their answer, then waiting 13 months before litigating the defense); Schwartz v. M/V GULF SUPPLIER, 116 F.Supp.2d 831, 835 (S.D.Tex.2000) (deeming waiver to have occurred where defendant listed personal jurisdiction defense in answer, then failed to file motion to dismiss until eve of trial, some nine months after action commenced). By contrast, the shorter the intervening time period, the more likely it is that no waiver will be construed. See Brokerwood Products Int’l (U.S.), Inc. v. Cuisine Crotone, Inc., [104 Fed.Appx. 376] (5th Cir.2004) (finding that district court erred in holding that defendant waived challenge to personal jurisdiction where seven months passed between defendant’s answer raising defense and its motion to dismiss); Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F.Supp.2d 1011, 1015 (D.Kan.2006) (no waiver where defendant filed Rule 12(b)(2) motion less than two months after being joined as a party).[5]
“Second, in addition to the sheer passage of time, courts assessing whether there is a waiver by conduct look to the extent of the objecting defendant’s involvement in the action.[6] The more active a defendant has been in litigating a *1208 case, the more likely it is that the defendant will be deemed to have waived defects in personal jurisdiction and impliedly consented to a court’s jurisdiction. See Hamilton, 197 F.3d at 62 (finding waiver where defendant had participated in extensive pretrial proceedings before filing motion to dismiss); Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir.1990) (discerning waiver where defendant participated in discovery, filed motions, participated in five-day trial, and filed post-trial motions, all before seeking ruling on personal jurisdiction defense); Continental, 10 F.3d at 1297 (personal jurisdiction defense waived where defendants participated in lengthy discovery, filed various motions, and opposed a number of plaintiffs motions, before submitting Rule 12(b)(2) issue to court); Plunkett, 409 F.Supp.2d at 41-42 (deeming personal jurisdiction defense abandoned where defendant participated in scheduling conference, conducted discovery, consented to ADR, entered into discovery-related stipulation and protective order, and petitioned for pro hac vice status for non-local counsel); but see Brokerwood, [104 Fed.Appx. 376] (personal jurisdiction defense not waived where case was dormant during most of its pendency; where defendant’s litigation conduct had been limited to participating in scheduling conference, filing initial disclosures, filing motion to strike jury demand, and filing interrogatories, document requests and witness list; and where defendant had neither filed counterclaims nor sought adjudication on merits of any claim); Sunlight Saunas, at 1015 (defendants did not actively participate in litigation to extent of waiving right to challenge personal jurisdiction where their activities were limited to serving initial disclosures, attending pretrial conference, and joining in motion to strike).
*1209 Matthews, 431 F.Supp.2d at 1223-25 (emphasis added).
Applying the foregoing principles, and comparing the facts and results achieved in the many cases described above with the facts of this case, I simply cannot justify a conclusion that the defendants did not “seasonably” assert their Rule 12(b)(2) defense of lack of personal jurisdiction. I see no more “substantial participation” in the litigation process by the defendants in the steps taken by the defendants in this case, particularly in the compressed time frame in which they were take, than, for example, occurred in Matthews (rejecting the waiver argument where the defendant delayed four months in bringing motion to dismiss, after first raising defense in its answer, when in the interim it filed required documents and discovery responses and joined in plaintiffs request to extend time for its deposition).
In a recent case that is consistent with the foregoing authority, Gerber v. Riordan, 649 F.3d 514 (6th Cir.2011), the United States Court of Appeals for the Sixth Circuit held as follows:
“In deciding whether Defendants waived their personal jurisdiction defense, we must determine whether any of Defendants’ appearances and filings in the district court constituted ‘legal submission to the jurisdiction of the court.’ Days Inns [Worldwide v. Patel], 445 F.3d [899] at 905 [ (6th Cir.2006) ]. As an initial matter, we note that while ‘the voluntary use of certain [district] court procedures’ serve as ‘constructive consent to the personal jurisdiction of the [district] court,’ [Insurance Corp. of Ireland, Ltd. v.] Compagnie des Bauxites de Guinee, 456 U.S. [694] at 704, 102 S.Ct. 2099 [(1982)], not all do. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010). Only those submissions, appearances and filings that give ‘[PJlain-tijf a reasonable expectation that [Defendants] will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking,’ id. at 443, result in waiver of a personal jurisdiction defense.”
649 F.3d at 519 (emphasis added). Given the timing and content of the filings made by the defendants in this case, I am clear to the conclusion that those filings do not satisfy the above-quoted standard.
In his special concurrence, however, Justice Lyons posits that Gerber actually supports the view that the defendants waived their defense of lack of in person- *1210 am jurisdiction. Gerber states two circumstances that could have such effect. The first is the filing by the defendants of a “submission[ ], appearance[] [or] filing[] that give[s] ‘[P]laintiff a reasonable expectation that [Defendants] will defend the suit on the merits.” 649 F.3d at 519. From the outset, however, the defendants made it clear that it was their position that the trial court lacked in personam jurisdiction and that they would promptly pursue this defense (which they did). The defendants’ filings could not reasonably have led the plaintiff to believe that the defendants acquiesced to the trial court as a proper forum for the litigation of the plaintiffs action.
The second circumstance stated in Gerber that can give rise to a waiver — and the circumstance highlighted by Justice Lyons in his special concurrence — also is not present. For the reasons stated above, the filings by the defendants did not put the trial court in a position where it became necessary for it to make a ruling that would be wasted in the event jurisdiction was later found lacking. Moreover, the second prong of Gerber specifically states that the filing of the defendant actually “ ‘must cause the court to go to some effort ’ ” before a ruling on a motion to dismiss for lack of personal jurisdiction “ ‘that would be wasted if personal jurisdiction is later found lacking.’” 649 F.3d at 519 (quoting Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010) (emphasis added)). Here, it is undisputed that the defendants did not cause the court to go to any such effort, and, in point of fact, the trial court did not go to such effort. Again, from the very outset, the defendants advised the trial court that they promptly would pursue, and they promptly did pursue, a defense of lack of in personam jurisdiction. In accord with that “advisement,” the trial court withheld going to any effort to rule on the defendants’ motion to compel arbitration until it also ruled on the defendants’ motions to dismiss for lack of jurisdiction. The requirement that the defendants actually cause the trial court to go to some effort prior to a later ruling on a motion to dismiss for lack of in personam jurisdiction simply is not met in this case. Thus, in addition to all the other cases cited above, Gerber supports the conclusion that the defendants did not waive their defense of lack of personal jurisdiction.
Becáuse I do not believe the defense of lack of in personam jurisdiction was waived in this case, I respectfully dissent.
BOLIN, J., concurs.

. Because the issue of waiver calls for the exercise of discretion on the part of the trial court, and because in this case any decision by this Court that a waiver occurred must be made ex mero motu, to the extent the majority bases its decision on a finding of waiver I find that decision unsupportable. I do not believe we can make such a decision as a matter of law, which we would have to do in order to make the decision ex mero motu. Concomitantly, I do not believe we can make such a decision ex mero motu under the circumstances without implicating the due-process rights of the defendants.

 "This result is dictated by Rule 12(h)(1), Fed.R.Civ.P., which provides that a personal jurisdiction defense is waived if it is neither consolidated with any other defenses presented in a Rule 12 motion nor recited in a motion to dismiss or other responsive pleading.

 "In this respect, Rule 12(h) merely sets the outer limits of waiver, without precluding waiver by implication. Indeed, ‘[ajsserting a jurisdictional defect in the answer did not preserve the defense in perpetuity. This defense may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.’ Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir.1990) (internal citations and quotations omitted). On this point, it does not suffice to comport with the letter of Rule 12(h); rather, litigants must adhere to its spirit by pursuing a personal jurisdiction defense in a reasonably prompt fashion ‘to expedite and simplify proceedings in the Federal Courts.’ Id.; see also Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993) (similar). If a defendant fails to do so, then he may be found to have waived his personal jurisdiction defense, notwithstanding its inclusion in a responsive pleading.

 "One apparent aberration to this pattern is Datskow v. Teledyne, Inc., 899 F.2d 1298 (2nd Cir.1990), wherein the Second Circuit classified a four[ ]-month delay in challenging personal jurisdiction as a waiver of the defense. In so ruling, however, the Datskow court took pains to point out that the motion to dismiss in that case contested personal jurisdiction on the basis of defective service, not lack of long-arm jurisdiction. An important caveat to the Datskow holding was that *1209 ‘this is not a case where a defendant is contesting personal jurisdiction on the ground that longarm jurisdiction is not available.’ Id. at 1303. Datskow strongly implied that a four-month delay would be insufficient to create a waiver in a long-arm circumstance, opining that it ‘would be slower to find waiver by a defendant wishing to contest whether it was obliged to defend in a distant court.’ Id.; see also Hamilton, 197 F.3d at 60 (indicating that Datskow contemplated ‘enhanced caution’ in treatment of waiver issue where defense challenges jurisdiction under state’s long-arm statute). Thus, far from being an outlier, Datskow may be neatly harmonized with the foregoing spectrum of authorities on the temporal criterion.

 "The two factors are, of course, logically intertwined. As one court explained, ‘the time period provides the context in which to assess the significance of the defendant’s conduct, both the litigation activity that occurred and the opportunities to litigate the jurisdictional issue that were forgone.’ Hamilton, 197 F.3d at 61.”